UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| ANTHONY JORDAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 08-2048 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

OPINION

On February 19, 2008, Petitioner Anthony Jordan filed a Motion to Vacate, Set Aside, or Correct Sentence (#1) pursuant to 28 U.S.C. § 2255. The United States of America filed its Response (#4) on March 7, 2008, and Petitioner filed a Reply (#5) on March 21, 2008. For the following reasons, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is DENIED.

BACKGROUND

On February 5, 2004, Petitioner was charged by indictment with distributing five or more grams of a mixture and substance containing cocaine base ("crack") in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). On June 3, 2004, Petitioner pleaded guilty to the charge contained in the indictment after entering into a written plea agreement. Pursuant to the terms of the plea agreement, Petitioner waived his right to attack collaterally both the conviction and the sentence. The plea agreement stated the following:

The defendant also understands that he has a right to attack the conviction and/or sentence imposed collaterally on the grounds that it was imposed in violation of the

Constitution or laws of the United States; that he received ineffective assistance from his attorney; that the Court was without proper jurisdiction; or that the conviction and/or sentence was otherwise subject to collateral attack. The defendant understands such an attack is usually brought through a motion pursuant to Title 28, United States Code, Section 2255. The defendant and the defendant's attorney have reviewed Section 2255, and the defendant understands his rights under the statute. Understanding those rights, and having thoroughly discussed those rights with the defendant's attorney, the defendant knowingly and voluntarily waives his right to collaterally attack the conviction and/or sentence. The defendant's attorney has fully discussed and explained the defendant's right to attack the conviction and/or sentence collaterally with the defendant. The defendant specifically acknowledges that the decision to waive the right to challenge any later claim of the ineffectiveness of the defendant's counsel was made by the defendant alone notwithstanding any advice the defendant may or may not have received from the defendant's attorney regarding this right. Regardless of any advice the defendant's attorney may have given the defendant, in exchange for the concessions made by the United States in this plea agreement, the defendant hereby knowingly and voluntarily waives his right to collaterally attack the conviction and/or sentence. The rights waived by the defendant include his right to challenge the amount of any fine or restitution, in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255.

At Petitioner's change-of-plea hearing on June 3, 2004, this court determined that Petitioner entered his guilty plea, including the waiver of his right to file a collateral attack, knowingly and voluntarily. Based upon these findings, this court accepted Petitioner's guilty plea.

After accepting Petitioner's guilty plea on June 3, 2004, this court continued Petitioner's sentencing on several occasions. The initial continuance was granted to await the Supreme Court's decision related to the Federal Sentencing Guidelines in United States v. Booker, 543 U.S. 220 (2005), but additional delays arose from the disqualification of Petitioner's original counsel and Petitioner's subsequent motion to withdraw his guilty plea. In seeking to withdraw his plea, Petitioner alleged that the plea was not made knowingly and voluntarily. Petitioner's basis for this assertion was that, at the time of the plea, he believed that crack cocaine, the substance he was charged with distributing, and cocaine base, the substance which lab reports showed he possessed, were interchangeable terms for the same substance. Because Petitioner's misunderstanding was allegedly due in part to statements made by his attorney, he also sought to withdraw his plea on grounds that he had been the recipient of ineffective assistance of counsel. This court held a two-day evidentiary hearing on Petitioner's motion to withdraw his guilty plea before ultimately denying the motion on March 13, 2006. On July 13, 2006, this court sentenced Petitioner to 262 months' imprisonment.

Notwithstanding the plea agreement's waiver of the right to direct appeal, Petitioner filed an appeal with the United States Court of Appeals for the Seventh Circuit. The Seventh Circuit, having found Petitioner's plea agreement to contain a valid waiver of the right to appeal, dismissed the case. On February 19, 2008, Petitioner then filed the instant Motion to Vacate, Set Aside, or

Correct Sentence.

## ANALYSIS

Petitioner's pro se motion contains eight separate grounds on which he alleges he is held in violation of the Constitution, laws, or treaties of the United States. As an initial matter, however, this court must determine whether Petitioner's waiver of collateral attack remains valid.[1] It is well established that a defendant can waive the right to collaterally attack his conviction or sentence. Jones v. United States, 167 F.3d 1142, 1145 (7th Cir. 1998). Such waivers are enforceable with the limited exception that a waiver does not apply to a claim of involuntariness or ineffective assistance of counsel that relates directly to this waiver or its negotiation. See Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000); Jones v. United States, 167 F.3d 1142, 1145 (7th Cir. 1999). Petitioner makes both of these assertions in his motion.

The first basis upon which Petitioner challenges the validity of the waiver is that such waiver was not rendered knowingly and voluntarily. He argues that misinformation provided by counsel

---

[1] As part of his motion, Petitioner includes a "Petition for Affidavit of Bias in Pursuant to 28 U.S.C. § 2255, Rule 4," in which Petitioner seeks to have his § 2255 motion reassigned to a different judge, alleging that this court is prejudiced against him and will not render "a fair and just decision." 28 U.S.C. § 144, under which this court construes Petition's Affidavit, permits "a party to any proceeding in a district court" to seek a judge's recusal for "personal bias and prejudice" by filing a "timely and sufficient" affidavit with the court before whom the matter is pending. 28 U.S.C. § 144. As the Seventh Circuit has established in regards to § 144 claims:

> [The factual averments] must not . . . be mere conclusions, opinions, or rumors. They must be stated with particularity, and must be definite as to times, places, persons, and circumstances. The factual averments must show that the bias is personal rather than judicial, and that it stems from an extrajudicial source – some source other than what the judge has learned through participation in the case.

United States v. Barnes, 909 F.2d 1059, 1071 (7th Cir. 1990) (citations omitted), quoting United States v. Balistrieri, 779 F.2d 1191, 1199 (7th Cir. 1985).

Applying these guidelines, Petitioner's affidavit is insufficient to support his claim, and his motion for this court's recusal is DENIED.

– that "cocaine base" and "crack" were synonymous – led to his decision to waive his right to collaterally attack, and that, had he been given accurate information he would have made a different decision regarding his waiver. Petitioner's opening to challenge the knowing and voluntary nature of the waiver, however, is not as broad as Petitioner purports it to be.

The Seventh Circuit first confronted the question of whether a waiver of the right to collaterally attack, executed pursuant to an otherwise valid plea agreement, was enforceable in Jones v. United States, 167 F.3d 1142 (7th Cir. 1998). There, and in several subsequent cases, the Seventh Circuit made very clear that the "knowing and voluntary" exception was limited to "only . . . those discrete claims which relate directly to the negotiation of the waiver." Jones, 167 F.3d at 1145; see also Mason, 211 F.3d at 1069; Mosley v. United States, 2006 WL 1749957, at *3 (C.D. Ill. 2006) ("[T]he only relevant issue is whether [Petitioner] knowingly and voluntarily agreed *to the waiver provision*." (emphasis added)). In other words, the question is not what Petitioner knew or believed related to the facts surrounding his case or the evidence possessed by the prosecution, but rather whether he "knowingly and voluntarily relinquished his rights [to collaterally attack]." Jones, 167 F.3d at 1145. His statements made to this court demonstrate that he did.

The Seventh Circuit has held that a defendant's own statements rendered during a Rule 11 colloquy are presumed truthful. Bridgeman v. United States, 229 F.3d 589, 592 (7th Cir. 2000); United States v. Standiford, 148 F.3d 864, 868 (7th Cir. 1998). As the Seventh Circuit has stated, "We will not force an attitude of skepticism on [Rule 11 hearings] which would eliminate the presumption of truthfulness expected from responses given under oath." United States v. Martinez, 169 F.3d 1049, 1054 (7th Cir. 1999), quoting United States v. Gwiazdzinski, 141 F.3d 784, 788 (7th

Cir. 1998).

On June 3, 2004, prior to accepting Petitioner's guilty plea, this court held a Rule 11 colloquy and engaged Petitioner in a thorough examination. Of primary importance to the current motion, during this discussion with the court, Petitioner acknowledged his knowing and voluntary waiver of his right to collateral attack. The following exchange occurred between the court and Petitioner:

> Court: You also could not come in later at another time in the future pursuant to Title 28, United States Code, Section 2255 and seek to have your sentence and judgment set aside claiming that it was imposed in violation of the Constitution or the laws or that you received ineffective assistance or the Court was without jurisdiction and that the conviction and sentence would be subject to collateral attack. You wouldn't be able to do that because you're waiving the right to collaterally attack pursuant to Title 28, United States Code, Section 2255. Do you understand that?
>
> Petitioner: Yes, sir.
>
> Court: You've discussed these waivers with your attorney?
>
> Petitioner: Yes, sir.
>
> Court: And you're waiving those rights to appeal or come in later and collaterally attack because you believe it's in your best interests to do so to obtain the opportunity to cooperate and assist with the government so that you have an opportunity to obtain a downward departure even though there's no promise of one at this point?

>Petitioner: Yes, sir.
>
>Court: You've done that freely and voluntarily?
>
>Petitioner: Yes, sir.
>
>Court: Nobody's threatened you in any way to get you do to do that?
>
>Petitioner: No, sir.
>
>. . . .
>
>Court: The Court at this time finds the defendant, Anthony Jordan, has freely, voluntarily, knowingly and intelligently entered into the plea agreement, as well as the attached conditional grant of direct use immunity. . . . He's made a decision that this is in his best interests to waive his appeal rights [and] to waive his right to collaterally attack . . . . The Court has no question about his knowing, intelligence, and voluntariness.

Petitioner also noted that he had ample opportunity to discuss the plea agreement with his attorney. Given Petitioner's affirmative statements, this court found Petitioner to have voluntarily and knowingly waived such rights. Petitioner has presented no evidence in his motion to overcome the presumption of veracity accorded his Rule 11 colloquy statements that his waiver of collateral attack was knowing and voluntary. Absent such evidence, this court again finds that Petitioner knowingly and voluntarily relinquished his rights to collateral attack.

       The second basis upon which Petitioner challenges the validity of the waiver is that he received ineffective assistance of counsel during plea agreement negotiations. Petitioner claims that, but for counsel's misinformed analysis of the interrelated nature of crack cocaine and cocaine base,

he would not have chosen to plead guilty.  As before, however, the Seventh Circuit has again narrowly defined the scope of cognizable ineffective assistance claims when confronted with an otherwise valid waiver of collateral attack.  As the court stated in <u>Mason</u>, the question is whether petitioner "can . . . demonstrate ineffective assistance of counsel *with respect to the negotiation of the waiver*."  <u>Mason</u>, 211 F.3d at 1069 (emphasis added); <u>see also</u> <u>Jones</u>, 167 F.3d at 1145 ("[T]he right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver.").  As above, however, Petitioner's allegations relate to the quality of the government's evidence and not specifically to "the negotiation of the waiver."  Consequently, his motion must fail.

Based on these findings, Petitioner's waiver of his right to collateral attack remains valid and enforceable and therefore prevents this court from addressing any additional claims contained within Petitioner's § 2255 motion.

IT IS THEREFORE ORDERED:

(1) Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (#1) is DENIED.

(2) This case is terminated.

ENTERED this 10th day of April, 2008

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE